SEWARD B. STURTEVANT, RESPONDENT, v. COUNTY OF BERGEN, APPELLANT.

Submitted May 11, 1928—Decided October 15, 1928.

For the appellant, *John B. Zabriskie.*

For the respondent, *Peter J. McGinnis.*

The opinion of the court was delivered by

PARKER, J.   The question before us, to be determined by an examination of the statutes in such case made and provided, is whether the respondent as acting sergeant-at-arms of the District Court of the second judicial district of the county of Bergen was entitled to the salary of a sergeant-at-arms for his period of service in face of the fact that there was throughout that period a regularly appointed sergeant-at-arms in receipt of the salary.

His claim was in two parts: The first for service from March 10th, 1921, until January 24th, 1924, under Judge Fake, and until the expiration of that judge's term; the second beginning with the incumbency of Judge Ely, who succeeded Judge Fake, and running until December 23d, 1926.   He brought his suit in the Supreme Court, where it was tried by consent without jury, and the judge disallowed his claim for service under Judge Fake—a ruling which is not before us—and awarded judgment for the period of service under Judge Ely.   The county appeals.

The amount of the judgment is not drawn into question; the point made is that the county is not liable to respondent for any salary. Our examination of the case leads us to conclude that that point is well taken.

Section 11 of the District Court act of 1898 (*Comp. Stat., p.* 1956) provides that "the judge of any District Court may appoint a sergeant-at-arms to attend the sittings of the court, preserve order therein, and perform such other duties as said judge may prescribe; such sergeant-at-arms shall during his continuance in office be invested with and possess all the rights, privileges, powers and duties of a constable of such city or county, and all papers, warrants and process issued out of any court of record in this state shall be as binding and effectual when served or executed by such sergeant-at-arms as if served or executed by a constable." Sections 10 and 13 relate to compensation of sergeants-at-arms. Section 13 is not now in question, and appears to be superseded by amendments to section 10, which, in lieu of a per diem, fix an annual salary. It is this change that gives rise to the present case, as the regularly appointed sergeant-at-arms seems to have become an invalid and stayed at home drawing his salary, leaving someone else to attend the sessions of the court.

The amendments of section 10 that are pertinent are those of 1920. *Pamph. L., p.* 107, and 1923, *p.* 520. These differ only in the amount of salary fixed, which need not be noticed here. Omitting this; both amendments read thus: "10. For their services the several sergeants-at-arms shall receive from the clerks of the court the fees hereinafter provided, and for attendance upon the sessions of the court they shall receive as follows" (here follows a schedule of annual salary, graduated according to population of the county): "provided, however, that if there are any constables in any of the aforesaid counties now acting as such sergeant-at-arms, they shall receive the same compensation as herein provided for for sergeants-at-arms."

This salary provision was enacted in lieu of a per diem specified in the original section, payable to the sergeant-at-arms for actual attendance, or to the constable in actual attendance except in cases where a sergeant-at-arms had been

appointed. We cannot conceive that by the amendment the legislature intended to do more than substitute a salary for the per diem, payable under the same conditions as the per diem, *i. e.*, to a constable acting as sergeant-at-arm in cases where there was no regularly appointed sergeant-at-arms. If they had intended that the county should pay a salary both to a man holding the appointment and doing none of the work, and another salary to the man doing his work and having no appointment as regular sergeant-at-arms, such intent should be more plaintly expressed than by a mere proviso, as in this case. The present proviso is manifestly intended to cover cases where the purview of the section is inoperative for lack of material on which to act, *i. e.*, in cases where there is no sergeant-at-arms. Were this not so, there might well be half a dozen acting sergeant-at-arms at once, all demanding duplicates of the salary drawn by the regular incumbent. This legislation should not be construed to encourage the taxation of the public to pay for a sinecure.

It is suggested that the act of 1926, chapter 274 (*Pamph. L., p.* 457) supports the theory of the plaintiff, but we see nothing more in it than an intent to place a District Court constable on the financial basis of a sergeant-at-arms when there is none, and the constable has served for four years as acting sergeant-at-arms.

These views are fortified by the fact that the plaintiff, on March 26th, 1925, accepted in writing the appointment of "temporary sergeant-at-arms of the above-mentioned court without pay."

The judgment will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.